UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 7, 2016

LETTER TO COUNSEL

    RE:   *Charles Matthews v. Commissioner, Social Security Administration*;
           Civil No. SAG-15-3341

Dear Counsel:

    On November 2, 2015, Plaintiff Charles Matthews petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

    Mr. Matthews filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 27, 2012. (Tr. 172-79). He alleged a disability onset date of September 1, 2007. *Id.* His claims were denied initially and on reconsideration. (Tr. 116-23, 127-30). A hearing was held on March 27, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 27-52). During the hearing, Mr. Matthews amended his alleged onset date from September 1, 2007, to January 14, 2013. (Tr. 186). Following the hearing, the ALJ determined that Mr. Matthews was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-26). The Appeals Council denied Mr. Matthews's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

    The ALJ found that Mr. Matthews suffered from the severe impairments of "asthma, hypertension, sarcoidosis and back pain." (Tr. 13). Despite these impairments, the ALJ determined that Mr. Matthews retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can stand/walk for a total of 6 hours in an 8-hour day; can sit for a total of 6 hours in an 8-hour day; can occasionally climb ramps/stairs; can occasionally climb ladders, ropes and scaffolds; can frequently balance, stoop, kneel, crouch and crawl; and must avoid concentrated exposure to vibrations.

*Charles Matthews v. Commissioner, Social Security Administration*
Civil No. SAG-15-3341
September 7, 2016

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Matthews could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 21).

Mr. Matthews raises five primary arguments on appeal: (1) that the ALJ failed to find Mr. Matthews's alleged mood disorder to be a severe impairment; (2) that the ALJ assigned inadequate weight to the medical opinion evidence of the treating physician; (3) that the ALJ erroneously substituted her own opinion as to Mr. Matthews' mental limitations; (4) that the ALJ's holding runs afoul of the 4th Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (5) that the ALJ provided an inadequate hypothetical question to the VE. Each argument lacks merit and is addressed below.

First, Mr. Matthews contends that the ALJ erred by not determining that his "mood disorder" constitutes a severe impairment. Pl. Mem. 13-14. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *See Johnson v. Astrue*, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Here, the ALJ thoroughly considered Mr. Matthews's mood disorder at Step Two. (Tr. 14). Most significantly, the ALJ noted that Mr. Matthews did not require ongoing mental health treatment or psychotropic medication, nor did he demonstrate difficulty performing daily tasks as a result of his mental symptoms. (Tr. 14-15). Accordingly, the ALJ fairly concluded that the impairment had no more than a *de minimis* effect on his ability to work. *Id.* Moreover, even if the ALJ had erred in her evaluation of Mr. Matthews's mood disorder at Step Two, such error would be harmless. Because Mr. Matthews made the threshold showing that his asthma, hypertension, sarcoidosis, and back pain constituted severe impairments, the ALJ continued with the sequential evaluation process and properly considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Matthews's ability to work. *See* 20 C.F.R. §§ 404.1523, 416.923. Any Step Two error, then, does not necessitate remand.

Second, Mr. Matthews contends that the ALJ failed to give proper weight to the opinion of Mr. Matthews's treating psychiatrist, Dr. Witte. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and

psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

The ALJ assigned Dr. Witte's opinion "very little" evidentiary weight because it was not supported by clinical evidence and inconsistent with the medical evidence. (Tr. 19). Dr. Witte opined that Mr. Matthews's mental impairments would result in a substantial loss in his ability to understand, carry out, and remember simple instructions, respond appropriately to supervision, coworkers and unusual work settings, and deal with changes in a routine work setting. (Tr. 19, 612). The ALJ found, however, that Dr. Witte's opinion "sharply contrast[ed] with the objective medical evidence of record" and was "grossly inconsistent with the sporadic and conservative level of treatment received and generally normal findings on mental status examination." (Tr. 19). Substantial evidence elsewhere in the record, including the fact that Mr. Matthews does not participate in ongoing mental health treatment, is not required to take psychotropic medication, and manages to perform a broad range of activities in his daily living, further belies Dr. Witte's opinion. *Id.* The ALJ also explained that, "Dr. Witte primarily based her opinions on [Mr. Matthews's] own subjective reports rather than objective clinical evidence." *Id.* For example, although Dr. Witte claimed Mr. Matthews would experience a substantial loss of ability to respond appropriately to others in the workplace based on his reports of past conflicts, Mr. Matthews contradicted that determination in his disability paperwork by admitting that he generally gets along well with others. *Id.* These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord little weight to Dr. Witte's opinion.

Mr. Matthews also argues that the ALJ failed to consider the factors outlined in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(1)-(6), when assigning weight to Dr. Witte's opinion. The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. 20 CFR 404.1527(d), 416.927(d). These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the specialization of the physician; the consistency of a medical opinion with the record as a whole; and the extent to which a medical opinion is supported by evidence. 20 CFR §§ 404.1527(d)(1)-(5), 416.927(d)(1)-(5). Upon review of the record, I find that the ALJ cited each factor required under the regulations. Specifically, the ALJ noted that Dr. Witte was Mr. Matthews's treating physician and examined Mr. Matthews in March 2014. (Tr. 19). The ALJ also adduced Dr. Witte's opinion, (Tr. 19), and cited her Medical Assessment Report, which contains Dr. Witte's original notes and denotes her specialization as a psychiatrist, (Tr. 19, 611-15). The ALJ then held that Dr. Witte's opinion was "grossly inconsistent" and "sharply contrast[ed] with the objective medical evidence of record." (Tr. 19). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly applied the regulations in assigning weight to Dr. Witte's opinion, and that her findings are supported by substantial evidence.

Third, and relatedly, Mr. Matthews contends that the ALJ impermissibly substituted her own opinion as to his mental RFC for that of his treating psychiatrist, Dr. Witte. Contrary to Mr. Matthews's assertion, the ALJ's RFC decision is soundly supported by the record. As noted above, the Fourth Circuit has stated that "if a physician's opinion is not supported by clinical

*Charles Matthews v. Commissioner, Social Security Administration*
Civil No. SAG-15-3341
September 7, 2016

evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590*; Johns v. Comm'r, Soc. Sec. Admin.*, 2014 WL 333552, at *2 (D. Md. Jan. 28, 2014). Considering the entirety of the record, the ALJ properly found that Dr. Witte's opinion "sharply contrast[ed] with the objective medical evidence of record" and was "grossly inconsistent with the sporadic and conservative level of treatment received and generally normal findings on mental status examination." (Tr. 19). The ALJ also properly found that Mr. Matthews had mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace, and no episodes of decompensation. (Tr. 14-15). The ALJ based her finding on the absence of medical evidence supporting Mr. Matthews's claims of mental impairment, the suspect credibility of Mr. Matthews's testimony concerning his impairments, the specious nature of Dr. Witte's medical opinion, the objective medical evidence, and the credible findings of the State medical and psychological consultants. (Tr. 19). Accordingly, the ALJ properly assigned weight to the medical opinions in the case, and provided substantial evidence to support her conclusions.

Fourth, Mr. Matthews contends that the ALJ's RFC assessment did not comport with the Fourth Circuit's ruling in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace.[1] *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (internal quotation marks omitted)). Even so, the Fourth Circuit noted that failure to include additional limitations might not constitute error when an ALJ offers an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id.* Under this framework, I find that the ALJ provided adequate explanation of how Mr. Matthews's RFC assessment accounts for his mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace.

The present case is distinguishable from *Mascio,* and thus does not require remand, for a number of reasons. Principally, the ALJ found Mr. Matthews suffers mild limitations, as opposed to the moderate limitations the claimant in *Mascio* faced. This Court holds that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from *moderate* difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Willis v. Colvin*, 2016 WL 3440126, at *6 (D. Md. June 22, 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), report and

---

[1] The hypothetical that the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

recommendation adopted (D. Md. June 5, 2015) (emphasis added).  This Court has yet to extend *Mascio* to cover a finding of only mild limitations, and will not do so on this record.[2]

Moreover, even assuming that *Mascio* applies in the context of mild limitations, the ALJ sufficiently explained why Mr. Matthews's mild limitations did not translate into further restrictions in the RFC.  After a thorough evaluation of Mr. Matthews's testimony, the medical opinion evidence of Dr. Witte, and the State psychiatric consultants, the ALJ did not find evidence of severe mental limitations. (Tr. 13-14). Moreover, the ALJ discussed Mr. Matthews's testimony and the objective medical evidence, (Tr. 13-17), and found Plaintiff's subjective complaints not entirely credible, (Tr. 17), and his past mental symptoms transient. (Tr. 14).  Most significantly, the ALJ found that "the evaluating psychiatrist noted that [Mr. Matthews] had a 'fair' capability to work," that Mr. Matthews did not allege any mental impairment at his psychiatric consultative evaluation affecting his ability to work, and that there was "no evidence that [Mr. Matthews] [was] limited in performing daily tasks due to mental symptoms." (Tr. 14).  As a result, the ALJ found substantial evidence that Mr. Matthews was able to perform a broad range of daily activities, and that his limitations did not ultimately affect his ability to work. *Id.*

Furthermore, the ALJ's thorough and reasoned opinion included a special technique analysis that provided both an explanation for finding Mr. Matthews to suffer from limitations and an explanation supporting his remaining functional abilities.  Regarding activities of daily living, the ALJ found that there was "very little evidence of [limitations] due to mental symptoms." (Tr. 14).  The ALJ also noted that Mr. Matthews "is independent in performing daily tasks," "has the ability to perform light household cleaning, watch television, read and help his niece and nephews get ready for school," and "keep up with personal hygiene." *Id*. Regarding social functioning, the ALJ found that Mr. Matthews is "cooperative and related well in the clinical setting," and "is able to spend time with others on a regular basis." *Id.*  The ALJ further noted "no evidence of aggressive or antisocial behaviors," and cited Mr. Matthews's admission that he gets along well with others. *Id*.  Finally, regarding concentration, persistence, or pace, the ALJ found "no evidence of abnormal thought processes, persistent auditory/visual hallucinations or psychosis," and noted that Mr. Matthews "showed fair insight and judgment," and is "able to read and follow television programs," as well as "follow conversation appropriately." (Tr. 14-15).

Thus, the ALJ cited substantial evidence in support of her conclusion that despite his mild limitations, Mr. Matthews is capable of performing the basic mental demands of unskilled work. There is no evidence in the record that suggests that Mr. Matthews's mild impairments would prevent him from completing a normal workday or workweek without interruption or

---

[2] Some district courts within the Fourth Circuit have extended the holding in *Mascio* to require an ALJ to either include restrictions in the RFC arising out of those mild limitations or to justify the omission of such restrictions. *See*, *e.g.*, *Reinhardt v. Colvin*, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) (unpublished) ("While the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in the paragraph B criteria does not necessarily translate to a work-related functional limitation, *Mascio* clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when [the] plaintiff's RFC for work is considered.").

from sustaining work activities on a consistent basis. None of the medical records or opinions suggested that he could not perform unskilled work due to those problems. *See Dean v. Comm'r*, 2015 WL 1431548, at *1-2 (D. Md. Mar. 26, 2015); *see Stout v. Colvin*, 2015 WL 7351503, at *12 (D. Md. Nov. 20, 2015). Considering the record as a whole, the ALJ provided "an accurate and logical bridge," *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000), between Mr. Matthews's mild limitations and the ALJ's mental RFC determination. Consequently, Mr. Matthews's assertion that the ALJ erred by failing to properly account for his limitations is without merit.

Lastly, Mr. Matthews contends that the ALJ's hypothetical to the VE was deficient because it failed to account for Mr. Matthews's mental limitations and failed to explicitly state how much Mr. Matthews could lift and carry. As an initial matter, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). As discussed above, the ALJ framed a hypothetical based on the RFC. Additionally, Social Security regulations define "light work" as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). Thus, a finding of how much Mr. Matthews could lift or carry was inherent in his limitation to light work. Moreover, during the hearing, Mr. Matthews testified that he could "lift and carry approximately 5 to 10 pounds." (Tr. 16). Prior to receiving the hypothetical, the VE testified that he had heard the ALJ hearing testimony and was familiar "with the definitions of sedentary, light, medium, heavy, and very heavy work in the regulations." (Tr. 43). Consequently, the VE was fully informed of Mr. Matthews's physical capabilities. Therefore, the ALJ's hypothetical was proper, and remand is not required.

For the reasons set forth herein, Mr. Matthews's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge